SAMUEL STREETER *v.* ALBERT EVANS, HARLEY FULSOM, EDWARD H. WEEKS, GEORGE MAGOON, HENRY WINTER, AND WILLIAM SULLIVAN.

*Deposition. Witnesses. Evidence. Cross-Examination. Statute.*

The omission of the word "appeared" in the magistrate's certificate of the oath of the deponent, does not render the deposition inadmissible.

The statute, Ch. 30, Sec. 29, Gen. Sts., authorizing "the County Court, in its discretion, on motion, to order the witnesses of the adverse party examined separately and apart from each other," does not include parties who may be witnesses.

Where, in trespass on the case for wrongfully running against the plaintiff in the highway, the defendants pleaded the "general issue," and claimed, on trial, that the injury was caused by a certain horse becoming frightened, it was *held* proper to ask them, on

cross-examination, as to their conduct from the start in another town; whether they there drank intoxicating liquor, slept much the night before, made loud noises, drove fast; and the fact that in their answers they went further than the question called for, and stated facts which would not have been a proper subject of inquiry, *held* not available in the defendant's behalf.

TRESPASS on the case for injuries received by being run against while passing on foot along a highway. Plea, the general issue, severally, with notice. Trial by jury, June Term, 1871, WHEELER, J., presiding.

Upon the trial, counsel for the plaintiff offered the deposition of the plaintiff in evidence. The certificate of the magistrate upon the deposition was in usual form, except that the word " appeared " was omitted, and it did not show that the deponent appeared before the magistrate otherwise than by showing that he made oath to the truth of the deposition before the magistrate. The defendants objected to the deposition for that reason. The court overruled the objection, and admitted the deposition, to which the defendants excepted. On motion of the defendants, the witnesses of the plaintiff, as to the transaction complained of, were examined separately and apart from each other.

The testimony of the plaintiff, in the deposition, and that of witnesses introduced on his part, tended to show that on the 26th day of December, 1869, the defendants, together, each with a horse and sleigh and young lady, when driving four teams closely abreast and two behind, furiously and recklessly along the street, in the village of Upper Waterford, without his fault, ran the team next to the right hand one of the four abreast against him, and injured him seriously; that in consequence of the injury he had needed the assistance of physicians and care of others, and that he had had some attendance by physicians, and that a married daughter of his had taken care of him.

Counsel for the plaintiff moved that the witnesses of the defendants to the transaction should be examined separately and apart from each other. The defendants did not oppose the motion, but insisted that it could not be granted so as to apply to the defendants themselves, five of whom were present, intending to testify. The court, as a matter of discretion, granted the motion, and made the order, and ruled that the defendants themselves, so far

as they were witnesses in the case, must comply with the order. To this decision the defendants excepted. The defendants present, being all the defendants but Evans, complied with the order, and testified separately and apart from each other.

Each defendant, that testified, testified, in substance, that they had come together that morning from West Concord, through Concord Corners, on their way to Littleton, New Hampshire ; that the horse driven by Winter would be easily frightened, and when frightened was hard to manage ; that one Robert Pike, with a team, got among them before they got to Upper Waterford, and drove along with them, and frightened the horse driven by Winter so that it became unmanageable, and, without fault of Winter or of any of the defendants, got to the right of all the other teams of the defendants, and ran against the plaintiff.

Upon cross examination, the counsel for the plaintiff proposed to inquire of the defendants whether they drank intoxicating liquor at West Concord or not, and where and how much they slept the night previous, whether they made loud noises, or drove fast or abreast of each other at West Concord, or on their way from there to Upper Waterford, or not. The defendants objected. The court overruled the objection, and allowed the inquiries to be put, to which the defendents excepted. Each answered, in substance, that they drank wine the night before, and danced a part of the night ; that the hotel where they were was so full that they could not have separate rooms and beds, and that each, with the lady accompanying him, without undressing, laid down upon a bed, with persons passing about, and the doors unfastened, and, without any improprieties, slept until morning ; that in the morning they drank more wine, had breakfast, and some drank wine after breakfast ; and about nine or ten o'clock started for Littleton ; that they were sober when they started, and did not make any loud noises, or drive fast or abreast between West Concord and Upper Waterford.

The testimony of other witnesses introduced by the defendants tended to corroborate their testimony.

The plaintiff introduced further testimony that tended to show that the defendants, some of them, drank whisky, and some of

them rum, the night before, and that morning before breakfast and after breakfast, just before starting at West Concord.

The defendants insisted, and requested the court to hold and charge, that if Pike participated in the conduct that injured the plaintiff, so as to be liable for the injury, he should have been made a defendant; and that not having been made a defendant, the plaintiff could not recover in this suit against more than one of the defendants; also, that unless Winter was liable in this action, none of the other defendants were liable. The court declined to hold and charge as requested, but did charge that if any of the defendants drove along the street carelessly or recklessly, and the plaintiff was injured in consequence of the carelessness or recklessness, he was entitled to recover against those that participated in the carelessness or recklessness that injured him; and that, although Pike might have done so more or less, the fact that he did so and was not a defendant would not affect the liability of the defendants.

The court also charged the jury that if the plaintiff was entitled to recover for the injury, he was entitled to recover the reasonable worth of nursing and attendance made necessary by it, whether paid for or to be paid for, or rendered to him by his friends without pay, in charity; and that if the defendants were found liable, the jury might give exemplary damages; also, that the defendants were only liable for their conduct that injured the plaintiff, without prejudice on account of their conduct otherwise; that their conduct at West Concord was of no importance except as to whether they were intoxicated or not upon the occasion when the plaintiff was injured, and that such intoxication would be of importance only as a circumstance to be considered in determining whether they were in fact careless or reckless, or not, and the accuracy of their testimony. The court charged the jury fully as to all parts of the case not mentioned, and explained the propositions mentioned fully.

To the refusal to charge as requested, to so much of the charge as allowed the plaintiff to recover anything for nursing and attendance rendered in charity, and as allowed the jury to give exemplary damages in this form of action, the defendants excepted. Verdict and judgment for the plaintiff.

*George C. & George W. Cahoon*, for the defendants.

The deposition offered should have been excluded. *Pingry* v. *Washburn*, 1 Aik., 268 ; *Austin* v. *Slade, admr.*, 3 Vt., 72 ; *Pratt*

v. *Battles,* 34 Vt., 400 ; *Lund* v. *Dawes,* 41 Vt., 371 ; Gen. Sts., p. 325, § 13, p. 753.

The defendants were wrongfully excluded from the court room. *Pratt* v. *Rawson,* 40 Vt., 189 ; *Hale* v. *Merrill & Spencer,* 27 Vt., 739 ; *Lythe* v. *Bond's Estate,* 40 Vt., 622 ; *McDaniels* v. *Robinson,* 26 Vt., 335.

Whatever occurred at West Concord the night before, whether the defendants made loud noises, or drove fast or abreast of each other, at West Concord, or on the way to Waterford, was wholly irrelevant to the issue, and should have been excluded. *Brackett* v. *Weeks,* 43 Maine, 291 ; *Shaw* v. *Emery,* 42 Maine, 64 ; *Wills* v. *School District,* 41 Vt., 358.

The court erred in instructing the jury that the plaintiff was entitled to recover for *nursing and attendance rendered in charity.* *Folsom* v. *Underhill,* 36 Vt., 592 ; *Clark* v. *Boardman,* 42 Vt., 677 ; *Hutchinson* v. *Granger,* 13 Vt., 386 ; Smith's Leading Cases, Vol. 1. p. 558, § 219 c.

The cases of *Ellsworth* v. *Pollen,* 41 Vt., 688, and *Devine* v. *Rand,* 38 Vt., 626, were both cases of *willful trespass,* and the case of *Nye* v. *Merriam,* 35 Vt., 438, was a case of willful fraud ; but the case at bar shows no such state of facts, and *gravamen* of the action is rather the *negligence* of the defendants, whereby an injury hath happened to the plaintiff.

*Dickey & Smith* and *Belden & May* for the Plaintiff.

There was no error in separating the defendants. Gen. Sts., ch. 30, § 29 ; *Richards et als.* v. *Wheeler,* 2 Aik., 369 ; *Ainsworth* v. *Drew,* 14 Vt., 563. As the issue was framed each defendant stood alone in his defence, and the rest of the defendants made him their witness. Gen. Sts., ch. 36, § 24 ; *Brown* v. *Wheeler,* 18 Conn., 199 ; *Vosburgh* v. *Mack,* 1 Cush., 453.

The inquiries objected to by the defendants were proper and relevant. Vol. 2, N. Y. Dig., 462 ; *Mellenish* v. *Collier,* 15 Ad. and El., N. S., 878 ; *Thomas* v. *David,* 7 C. and P. 350 ; *Meagoe* v. *Simmons,* 3 C. and P. 75 ; 2 Phil. and Am. Ev. 938 et seq. ; *Ellsworth* v. *Potter* et al., 41 Vt., 685. The question of how much they drank, etc., was important. 2 Phil. and Am. Ev., 917 ; *Ev-*

*erson* v. *Carpenter*, 17 Wend., 419 ; *Haigh* v. *Belcher*, 7 C. and P., 339. " The credit of a witness may be impeached by showing that he was intoxicated at the time of the events to which he has testified." *Brindle* v. *McIlvaine*, 10 Serg. and R., 282. Vide *Beattie* v. *Gr. Tr. R.*, 41 Vt, 275 ; *Commonwealth* v. *Coll.*, 21 Pick., 515 ; *Moody* v. *Rowell*, 17 Pick., 490.

There was no error in admitting the plaintiff's deposition. *Hard* v. *Brown*, 18 Vt., 87.

The opinion of the court was delivered by

REDFIELD, J. This was an action of trespass on the case, for wrongfully running against the plaintiff, on the highway, at the village of Upper Waterford, on the 26th of December, 1869. The defendants pleaded severally the *general issue.*

I. The defendants objected to the admission of the plaintiff's deposition, for the reason that the word " appeared " was omitted in the magistrate's certificate of the oath of the deponent.

The certificate states that the deponent, at a certain time and place, *personally* made oath, &c. He could not well have " *personally*" made oath at that time and place without he personally " *appeared.*" We think the essential facts required by statute are affirmatively shown in the certificate, and that it would be hypercriticism to exclude the deposition for this omission.

II. On motion of the plaintiff, the court, in its discretion, required, under the statute, the defendants' witnesses, including five of the defendants who were present in court to testify in their own behalf, to " testify separately and apart from each other."

The statute, ch. 30, § 29, authorizes " the county court, in its discretion, on motion, to order the witnesses of the adverse party examined separately and apart from each other." If the statute is broad enough to include *parties* who may be witnesses, then no exception would lie to the exercise of the *discretion* of the County Court. But we think that the statute was not intended to have any such scope or application ; and that the exclusion of the *parties*, by order of court, while their case was being tried, was error. No such practice, under that statute, has obtained in this State, and the statute must be construed as applied to all cases

that may come into court.   Questions and issues are the subjects of inquiry in court, involving not only all that a man has in property but in character.   The party may conduct his own cause ; or, what is more common, his presence may be an indispensable aid to counsel in presenting essential facts and maintaining vital interests and sacred rights.   And that a court should have the power to impound a party while such important issues and vital interests were being *finally determined*, would seem to trench harshly upon what has been deemed a sacred and fundamental right of the citizen.   But we have no occasion to inquire or determine whether the statute, if construed as the plaintiff claims, would be obnoxious to the organic and fundamental law of the land : it is enough that the statute was intended to have no such application.

III.   The plaintiff proposed to inquire of defendants, on cross-examination, " whether they drank intoxicating liquors at West Concord ; when and how much they slept the night previous ; whether they made loud noises, or drove fast or abreast of each other at West Concord, or on their way to Upper Waterford, or not."   The court allowed this inquiry, against the defendants' objection.   We are not prepared to say that this *question*, on cross-examination, may not have been proper.   That the defendants were intoxicated, and drove furiously and recklessly from the start to Upper Waterford, may have had a tendency to disprove the defendants' theory that they were sober, and drove prudently. The issue was as to the wrongful violence at Upper Waterford ; but as the defendants claimed that the horse driven by Winter became frightened, and thereby caused the injury, their manner of driving from West Concord became a proper subject of inquiry. It was an inquiry into " their line of conduct," so far as it tended to show wrong at the place of injury.   But the *answers* of the defendants went further than the response to the question, and stated certain facts in regard to being on the bed with the girls that had accompanied them to the ball, which the defendants' counsel insist attached great odium to the defendants' cause.   It does not appear from the exceptions that this part of the answer was not entirely voluntary.   If an inquiry had been made whether the defendants did not, at West Concord, commit the crime of

adultery or fornication, or any other offence against law or de-
cency, it clearly would not have been admissible, for defendants
were impleaded to try but *one issue.* But as the matter is stated
in the exceptions, we find no error in this part of the case.

The judgment of the County Court is reversed, and cause re-
manded.